IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|     Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:21-cr-89(1) |
| Gabriel Joseph Hansen, | ) | |
| | ) | |
|     Defendant. | ) | |

Before the Court is Defendant Gabriel Joseph Hansen's motion to reduce sentence. Doc. No. 111. The Government opposes the motion. Doc. No. 117. Hansen seeks a reduction in his sentence based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA"). For the reasons below, the motion is denied.

I.  **BACKGROUND**

On March 23, 2022, the Court sentenced Hansen to 40 months' imprisonment for unlawful sale or transfer of a firearm to a convicted felon, in violation of 18 U.S.C. §§ 922(d) and 924(a)(2), and 40 months' imprisonment for conspiracy to tamper with a witness, in violation of 18 U.S.C. §§ 1512(b)(3), 1512(k) and 2, with the sentences running concurrently. Doc. No. 94. The Bureau of Prisons ("BOP") placed Hansen at FCI El Reno in Oklahoma. Now 43 years old, Hansen has a projected release date in February 2024. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 16, 2023).

As grounds for release, Hansen asks for compassionate release based on health conditions and his desire to care for his mother's medical needs. Doc. No. 117. He submitted a request for compassionate release to the warden at FCI El Reno, and the warden recently denied the request. Doc. No. 117-1; Doc. No. 117-2.

## II.     DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors also must support the reduction. Id. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### A.     Administrative Exhaustion

Previously, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, Congress gave courts the permission to grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Hansen has exhausted his administrative rights to appeal (Doc. No. 117-2), so the Court will address the substance of his motion.

### B.     Extraordinary and Compelling Reasons

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons." Instead, Congress dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for

---

[1] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 70 years old and certain additional conditions are met. See 18 U.S.C. § 3582(c)(1)(A)(ii). Hansen is 43 years old, so this avenue for relief is foreclosed.

sentence reduction, including . . . a list of specific examples." 28 U.S.C. § 994(t). To meet its statutory obligation, the Commission promulgated § 1B1.13 in the 2018 Sentencing Guidelines Manual ("USSG"). The policy statement itself largely mirrors the compassionate release statute's language. See USSG § 1B1.13(1)-(3).

Application Note 1 to the policy statement provides limited guidance as to what constitutes "extraordinary and compelling reasons." So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," the Application Note describes four instances that demonstrate extraordinary and compelling reasons for compassionate release. USSG § 1B1.13(2); id. app. n.1. The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectively. See id. app. n.1(A)-(C). Subdivision (D)—the catch-all provision—authorizes a sentence reduction when: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. app. n.1(D) (emphasis added).

Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline (and specifically subdivision (D)) by its terms is limited to motions filed by the BOP. However, consistent with United States v. Marcussen, 15 F.4th 855 (8th Cir. 2021), the Court will treat § 1B1.13 as a useful guide in determining how to exercise its discretion, while also recognizing that it has the authority to grant a reduction even in circumstances that do not comport with the terms of that provision.

Turning to the substance of his motion, Hansen appears to argue extraordinary and compelling reasons exist under either subdivision (A) or (C). But he fails to clear the high bar

necessary to warrant a sentence reduction under either subdivision. Hansen broadly argues for release under 18 U.S.C. § 3582(c)(1)(A) for medical reasons—primarily citing his obesity, asthma, and breathing issues. However, he provided no medical records in support of his medical conditions. That alone is fatal to Hansen's claim. Additionally, from a review of the available records (as provided by the Government), Hansen is young and generally in good health beyond these conditions. And importantly, there is nothing in the record to show that Hansen's medical conditions (to the extent they exist) substantially diminish his ability to provide self-care. USSG § 1B1.13, app. n.1(A)(ii). Hansen has not demonstrated such extraordinary and compelling circumstances as required by the statute.

As to Hansen's desire to care for his mother, federal courts have generally concluded "that providing care to elderly parents, even ailing parents, is not an extraordinary and compelling reason for release." See United States v. Valencia, No. 4:15-CR-3010, 2021 WL 3023729, at *1 (D. Neb. Jul. 16, 2021) (quoting United States v. Hassen, No. 2:07-CR-20099, 2020 WL 6680387, at *3 (D. Kan. Nov. 12, 2020) (collecting cases)). That is because "many, if not all inmates, have aging and sick parents." Id. While sympathetic, Hansen's concerns for his mother do not present an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A).

### III.  CONCLUSION

The Court has reviewed the entire record, the parties' filings, and the relevant legal authority. For the reasons above, Hansen's motion to reduce sentence (Doc. No. 111) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of March, 2023.

                                    */s/ Peter D. Welte*
                                    Peter D. Welte, Chief Judge
                                    United States District Court